UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEXTEER AUTOMOTIVE CORPORATION,

    Plaintiff,

v.

KOREA DELPHI AUTOMOTIVE SYSTEMS CORPORATION,

    Defendant.

Case No.: 2:13-cv-15189-GCS-LJM

Hon. George Caram Steeh

Magistrate Judge Laurie J. Michelson

_____/

## **STIPULATED PROTECTIVE ORDER**

This matter having come before the Court pursuant to the stipulation of the parties, as evidenced by the signatures below, and the Court being otherwise fully advised of the premises;

IT IS HEREBY STIPULATED AND AGREED by and between counsel for NEXTEER AUTOMOTIVE CORPORATION and KOREA DELPHI AUTOMOTIVE SYSTEMS CORPORATION (collectively, "the Parties"), for good cause shown and subject to the approval of this Court, that documents and exhibits which each side may submit to the Court in connection with the pending Motion for Preliminary Injunction may contain confidential and proprietary information and trade secrets, which will not be used or disclosed by the Parties

and their respective counsel except under the terms of the following Stipulated Protective Order ("Protective Order").

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1. This Protective Order shall govern the use of information included within the Parties' submissions (briefs, presentations, exhibits, etc.) with regard to the pending Motion for Preliminary Injunction. Should the matter proceed beyond the scheduled hearing of January 27, 2014, the Parties will confer regarding the need for a protective order of broader application to these proceedings and to the transcript thereof.

2. Plaintiff, Defendant, and/or third parties may designate in the course of this litigation as "CONFIDENTIAL" any material reasonably believed in good faith to constitute material used by them in, or pertaining to, their business which information is not generally known and which that party would not normally reveal to third parties or would cause third parties to maintain in confidence including information that is commercially sensitive, confidential, proprietary or trade secrets in the manner set forth below, or by written agreement of the parties at any time. The term "CONFIDENTIAL" shall include the material so designated, all copies thereof, and any information appearing therein.

3. All or any part of a document or tangible item that is disclosed by Plaintiff or Defendant with regard to the pending Motion for Preliminary

Injunction may be designated as "CONFIDENTIAL" by the disclosing party by marking or stamping the words "CONFIDENTIAL" on the face of the writing so designated, except that in the case of multi-page documents bound together by staple or other permanent binding, the legend "CONFIDENTIAL" need only be marked or stamped on the first page of the document in order for the entire document to be treated as "CONFIDENTIAL" material.

4. Except by the prior written consent of Plaintiff and/or Defendant asserting "CONFIDENTIAL" treatment or upon further order of this Court, all or any portion of the document or tangible item that is marked "CONFIDENTIAL" shall be used solely for purposes of this litigation and in accordance with the provisions of this Protective Order.

5. Other than court personnel or as provided below, access to items marked "CONFIDENTIAL" shall be limited to:

    a. The parties and their employees to the extent necessary to litigate the claims;

    b. Counsel of record for the parties and such counsel's employees assigned to and necessary to assist such counsel in this litigation;

    c. Experts and consultants, including independent experts and consultants and employees or clerical assistants of said experts who are employed, retained, or otherwise consulted by counsel for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this litigation;

      d.      Employees of outside copy services used to make copies of materials;

      e.      Court reporters who record relevant testimony; and

      f.      Persons as hereinafter may be designated by written stipulation of all parties or by further order of the Court, on motion by any party to the extent reasonably necessary for the prosecution or defense of this litigation.

6.    "CONFIDENTIAL" material or other papers which contain or make reference to "CONFIDENTIAL" material may be disclosed by a party to the Court in connection with any filing or proceeding in this litigation, but such party shall cause the "CONFIDENTIAL" material to be filed under seal with the Clerk of the Court. The following form shall be endorsed on the cover: "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER." A copy of the papers submitted for filing to the Court may also be submitted to the judge, provided that the judge is advised of the "CONFIDENTIAL" status of the papers, contents, or portions and is requested to dispose of the same in a manner consistent with the protections afforded by this Protective Order.

7.    Plaintiff and/or Defendant shall not copy or reproduce any "CONFIDENTIAL" material, except insofar as copies are reasonably necessary for purposes of this litigation.

8. The Parties will work with the Court to safeguard the discussion of CONFIDENTIAL materials in open court as part of the hearing scheduled for January 27, 2014 or thereafter.

9. Each individual who receives any "CONFIDENTIAL" material hereby agrees to subject himself/herself to the jurisdiction of the United States District Court for the Eastern District of Michigan, for the purpose of any proceeding related to the performance under, compliance with, or violation of this Protective Order.

10. Plaintiff and/or Defendant shall have the right at any time, after receiving "CONFIDENTIAL" material, to challenge/object to any information or material designated as "CONFIDENTIAL" material. Should Plaintiffs and/or Defendants object to the designation of the information as "CONFIDENTIAL" material, based upon a good faith belief that the material is not entitled to protection, counsel for the objecting party shall state the objection by letter to counsel for the party making the designation. Thereafter, counsels shall promptly confer in a good faith effort to resolve any dispute concerning the designation of any such "CONFIDENTIAL" material for a period not to exceed three (3) days. Failing resolution, counsel for the party objecting to the designation may apply to the Court, on motion, for a ruling that the information or material shall not be so treated. The party designating the information as "CONFIDENTIAL" shall have

the burden of proof demonstrating good cause for the classification of the material as "CONFIDENTIAL." Unless and until this Court enters an order to the contrary, the information or material shall be treated as "CONFIDENTIAL."

11. Nothing in this Order shall be construed in any way as a finding on the issue of whether the "CONFIDENTIAL" material does or does not constitute or contain confidential or proprietary information or trade secrets.

12. Inadvertent or unintentional production of any "CONFIDENTIAL" material without it being marked "CONFIDENTIAL" shall not itself be deemed a waiver of any claim of confidentiality, proprietary or trade secrets as to such matter, and the same may thereafter be corrected as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure by supplemental written notice. After receipt of such written notice, the designated material shall thereafter be treated in accordance with this Protective Order, but the parties receiving such notice shall have no obligation with respect to the disclosure of the material made prior to such written notice.

13. The inadvertent production of documents subject to the attorney-client privilege, the attorney-work product privilege or any other privilege or doctrine (collectively "privilege") will not waive the privilege; provided, however, that this Protective Order shall not prevent any party from moving to compel production of allegedly privileged Document on any grounds other than the inadvertent

production of such Documents. Upon a request from a party that has inadvertently produced any Document that it believes may be subject to privilege any Party receiving said document shall immediately return it to the producing Party.

14. The independent production of any document or information without the proper designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop Plaintiffs and/or Defendants from designating said document or information as "CONFIDENTIAL."

15. Plaintiff and/or Defendant, their respective counsel of record, and individuals bound by this Protective Order shall exercise reasonable measures so that all materials designated as "CONFIDENTIAL" are maintained in such a manner as to prevent any disclosure thereof, except in accordance with the terms of this Protective Order.

16. Should any "CONFIDENTIAL" material be disclosed, through inadvertence or otherwise, to any person or persons not authorized under this Protective Order, then, in addition to any penalties for violation of this Protective Order to which the disclosing party may be subject, the disclosing party shall use his or her best efforts to bind such unauthorized person to the terms of this Protective Order, and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify immediately such person and the "CONFIDENTIAL" material disclosed to the party that designated the

information as "CONFIDENTIAL"; and (c) retrieve all copies of documents and things containing the inadvertently disclosed information.

17. This Protective Order shall in no way constitute a waiver of the right of the parties to raise or assert any defenses or objections, including, but not limited to, the use, relevance or admissibility of any information, testimony or documents.

18. This Protective Order has no effect upon, and shall not apply to, the parties' use of their own "CONFIDENTIAL" material for any purpose.

19. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, material or information designated as "CONFIDENTIAL" that was, is or becomes public record not in violation of this Protective Order, is acquired by the non-designating party from a third party having the right to disclose such information or material, or was obtained lawfully by such party independently of discovery in this action.

20. Upon the final determination of this action, including appeals, if any, all "CONFIDENTIAL" material which has been submitted to the Court during the course of this action, including "CONFIDENTIAL" material submitted for identification and/or into evidence at the trial of the action, may be the subject of a withdrawal request addressed to this Court and the consent of all parties to such request shall not be withheld without good cause.

21. Within forty-five (45) days after the conclusion of this litigation, including all appeals, if any, counsel for each party shall return to counsel for the producing party all documents and information designated as "CONFIDENTIAL" and all copies thereof (including, without limitation, copies provided to testifying or consulting experts), covered by this Protective Order, or the party's counsel shall certify that all such materials and copies have been destroyed. As to those materials containing "CONFIDENTIAL" material, which constitute counsel's work product or counsel's file copies of materials served in this matter or submitted to the Court in connection with this litigation, counsel may retain such materials provided that counsel otherwise complies with this Protective Order with respect to such materials. Counsel for any party shall, if requested by counsel for another party, certify that the terms of this paragraph have been complied with to the best of his or her knowledge and belief.

22. The terms of this Protective Order shall be binding upon all current and future parties to this Action and their counsel.

23. Written notice provided pursuant to this Protective Order shall be made to the counsels of record identified below at the addresses listed.

24. This Protective Order and the agreements embodied herein shall survive the termination of this action and shall continue thereafter in full force and effect.

25. This Protective Order may be modified or amended by further order of the Court for good cause shown.

IT IS SO ORDERED, with the consent of the parties, this 16th day of January, 2014.

s/George Caram Steeh
U.S. DISTRICT JUDGE

STIPULATED AND AGREED:

/s/_____  
John R. Trentacosta (P31856)  
Scott T. Seabolt (P55890)  
Irina Kashcheyeva (P72575)  
FOLEY & LARDNER LLP  
500 Woodward Ave., Ste. 2700  
Detroit, Michigan 48226  
(313) 234-7100  
jtentacosta@foley.com  
sseabolt@foley.com  
ikashcheyeva@foley.com  

*Attorneys for Plaintiff*

/s/_____  
Daniel D. Quick  (P48109)  
James M. Martone (P77601)  
DICKINSON WRIGHT PLLC  
2600 West Big Beaver Road, Suite 300  
Troy, MI  48084  
248-433-7200  
dquick@dickinsonwright.com  
jmartone@dickinsonwright.com  

*Attorneys for Defendants*