UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEXTEER AUTOMOTIVE CORPORATION, | Case No.: 2:13-cv-15189-GCS-LJM |
| Plaintiff, | Hon. George Caram Steeh |
| v. | |
| KOREA DELPHI AUTOMOTIVE SYSTEMS CORPORATION (now ERAE AUTOMOTIVE SYSTEMS CO., LTD.), | |
| Defendant. | |

_____/

## AMENDED JUDGMENT CONFIRMING IN PART INTERNATIONAL ARBITRATION AWARD

In accordance with the Memorandum Opinion and Order entered on May 16, 2017 [Dkt. 67, the "Order"], the Judgment Confirming in Part International Arbitration Award [Dkt. 71], and the parties' Stipulation Regarding Entry of Amended Partial Judgment [Dkt. 73],

It is **ORDERED AND ADJUDGED** that Award No. 140 of 2016 issued by the Singapore International Arbitration Center on December 28, 2016 in the matter of *Nexteer Automotive Corporation v. erae Automotive Systems Co., Ltd.*, Arb. Nos. 106, 229, 230 and 231 of 2013 (the "Award") is hereby **CONFIRMED in part**, as set forth in the Order and this Amended Partial Judgment below.

It is further **ORDERED AND ADJUDGED** that Defendant erae Automotive shall pay Plaintiff Nexteer the amount of $5,765,401.

It is further **ORDERED AND ADJUDGED** that Defendant erae Automotive shall pay Plaintiff Nexteer pre-judgment interest on the $5,765,401 amount referenced in the preceding paragraph, calculated in accordance with MCL § 600.6013(8), from December 28, 2016 through the date of this Amended Partial Judgment. Calculated through June 14, 2017, this interest amounts to $64,333.67, with the daily interest of $383.30 for each additional day after June 14, 2017.[1]

It is further **ORDERED AND ADJUDGED** that, in addition to the amounts listed in the preceding paragraph, Defendant erae Automotive shall pay Nexteer a royalty of 4.5% on all sales of the KPJ halfshafts from November 30, 2015, together with an additional amount representing pre-judgment interest calculated in accordance with MCL § 600.6013(8) for all sales of these products between November 30, 2015 and the date of this Judgment.

It is further **ORDERED AND ADJUDGED** that, as set forth in the Order, erae Automotive shall make future royalty payments on a quarterly basis, and

---

[1] Based on MCL § 600.6013(8), the daily interest rate changes on July 1 and January 1 of each year, with interest compounded annually.

furnish adequate proof of its halfshaft and premium joint product sales 30 days prior to the due date for each quarterly royalty payment.

It is further **ORDERED AND ADJUDGED** that Nexteer shall have the right to audit the sales and other financial records of erae Automotive and companies under erae Automotive's control to confirm compliance with the obligation to pay royalties pursuant to the Award. Any such audit is to be conducted by a mutually acceptable independent auditor, with the costs of the audit to be evenly split by the parties. Erae Automotive shall maintain the records of its sales of the KPJ halfshafts or any premium joint product derivative of KPJ for a period of at least five years, and make them available to the auditor during normal business hours subject to a three-day written notice.

It is further **ORDERED** that all payments to Nexteer shall be made by wire transfer in U.S. currency.

It is further **ORDERED** that enforcement of the Award is **STAYED** only with regard to the 4.5% royalty on all future sales of any premium joint product derivative of KPJ from November 30, 2015, pending completion of the Singapore review process, in light of erae Automotive's deposit of the amount of $3,000,000 in accordance with the terms of the Court's Order to Deposit Funds as Security for Partial Stay as to Derivative Royalty Provision Only (Dkt. #72).

It is further **ORDERED** that this Amended Partial Judgment does not preclude Nexteer from applying for a supplemental Judgment upon the lifting of the stay referenced in the preceding paragraph, seeking to confirm the Award with regard to the 4.5% royalty on all future sales of any premium joint product derivative of KPJ from November 30, 2015, and seeking pre-judgment interest on these additional amounts or any attorney's fees and costs related to the enforcement of the derivative royalty provision in the Award.

It is further **ORDERED** that this Amended Partial Judgment does not preclude Nexteer from making an application for recovery of attorney's fees, costs and related interest incurred after the entry of the Award consistent with Nexteer's rights pursuant to the underlying Award, Exclusive Manufacturing & Supply Agreements between the parties, and/or Fed. R. Civ. P. 54(b).

It is further **ORDERED** that the entry of this Amended Partial Judgment does not restart the automatic stay period under Fed. R. Civ. P. 62(a), which continues to run from the date of the original Partial Judgment's entry on June 2, 2017.

s/George Caram Steeh
Hon. George Caram Steeh
United States District Judge

Dated: June 19, 2017